**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

--------------------------------

No. 25-11554

Non-Argument Calendar

--------------------------------

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ALEJANDRO ACEVEDO LUNA,

*Defendant- Appellant.*

--------------------------------

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00020-CEM-RMN-2

--------------------------------

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and GRANT,
Circuit Judges.

PER CURIAM:

Alejandro Acevedo Luna appeals the denial of his *pro se* motion for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2). He argues

that the district court erred in finding him ineligible for a zero-point offender reduction under U.S.S.G. § 4C1.1 because it failed to conduct an individualized inquiry into whether he personally possessed a firearm in connection with the offense. We affirm.

## I.    BACKGROUND

Acevedo Luna pleaded guilty to conspiracy to possess with intent to distribute 400 grams or more of a mixture and substance containing fentanyl. 21 U.S.C. §§ 841(b)(1)(A), 846. His presentence investigation report explained that local police officers and agents with the Drug Enforcement Administration and Department of Homeland Security conducted a traffic stop of Acevedo Luna and another man, Juan Carlos Garcia. Officers searched the vehicle and found more than 1,000 grams of a fentanyl analogue called fluorofentanyl as well as a loaded firearm in a concealed-carry holster in the center console. Garcia claimed the firearm and showed officers his concealed-carry permit.

The report calculated a base offense level of 34 because the offense involved at least 1 but less than 3 kilograms of a fentanyl analogue. U.S.S.G. § 2D1.1(c)(3). The report added 2 levels because Acevedo Luna was found in possession of a firearm, as he and Garcia traveled to sell a fentanyl analogue with a firearm in the center console of the vehicle. *Id.* § 2D1.1(b)(1). The report stated that Acevedo Luna was ineligible for safety-valve relief under section 5C1.2(a)(2) because he was in possession of a firearm during the offense. The report then added 2 levels for obstruction of justice

25-11554                Opinion of the Court                3

because he perjured himself at Garcia's trial, *id.* § 3C1.1, and subtracted 2 levels for acceptance of responsibility, *id.* § 3E1.1(a), resulting in a total offense level of 36. The report found that Acevedo Luna's criminal history category was I because he had no prior convictions that resulted in any criminal history points. Based on a total offense level of 36 and a criminal history category of I, the report calculated a guideline range of 188 to 235 months of imprisonment.

At sentencing, the district court sustained Acevedo Luna's objection to his base offense level being 34 because the drugs were scored as a fentanyl analogue when he and the government had stipulated in his plea agreement that the drugs were fentanyl, and it overruled the government's objection to his two-level reduction for acceptance of responsibility because Acevedo Luna perjured himself at Garcia's trial. The district court recalculated his total offense level as 32, resulting in a guideline range of 121 to 151 months of imprisonment, and sentenced Acevedo Luna to 180 months of imprisonment based on the seriousness of the offense and the fact that he had repeatedly perjured himself at Garcia's trial, which was a "very serious course of action" warranting an upward variance. Acevedo Luna appealed the reasonableness of his sentence, and we affirmed. *See United States v. Acevedo Luna*, No. 23-10119, manuscript op. at 7-8 (11th Cir. Dec. 20, 2023).

In April 2024, Acevedo Luna moved *pro se* for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2). He argued that, as a zero-point offender, he was eligible for a sentence reduction under Amendment 821 to the Sentencing Guidelines. He argued that his two-

level enhancement under section 2D1.1(b)(1) did not bar his eligibility for a sentence reduction, despite the requirement of section 4C1.1(a)(7) that the defendant "not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." The district court denied Acevedo Luna's motion on the ground that he was "not eligible for a reduction."

## II.    STANDARD OF REVIEW

We review *de novo* whether a defendant is eligible for a sentence reduction under section 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). We review the denial of an eligible defendant's request for a sentence reduction for abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017).

## III.    DISCUSSION

A district court has no inherent authority to modify a defendant's sentence, and it may do so only when permitted by statute or rule. *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). Under section 3582(c)(2), a district court may reduce a term of imprisonment for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18

U.S.C. § 3582(c)(2). To obtain a reduction of a term of imprisonment based on an amendment to the Guidelines, the relevant amendment must be listed in section 1B1.10(d). U.S.S.G. § 1B1.10(a)(1). Because it is listed in section 1B1.10(d), Part B of Amendment 821 may serve as the basis for a sentence reduction. *Id.* § 1B1.10(a)(1), (d).

Acevedo Luna is ineligible for relief under section 4C1.1(a)(7) for the same reason he was ineligible for safety-valve relief under section 5C1.2(a)(2)—because he possessed a firearm when he committed the instant offense. *Id.* § 4C1.1(a)(7). Part B, Subpart 1 of Amendment 821, which became effective in November 2025, modified Chapter 4 by adding section 4C1.1—titled "Adjustment for Certain Zero-Point Offenders"—which provides for a two-level decrease in a defendant's offense level if the defendant satisfies ten criteria, one of which is that the defendant must not have "possess[ed], receive[d], purchase[d], transport[ed], transfer[ed], [sold], or otherwise dispose[d] of a firearm or other dangerous weapon (or induce[d] another participant to do so) in connection with the offense." U.S.S.G. App. C, Amend. 821, pt. B.; *id.* § 4C1.1(a)(7) (2025). And because Acevedo Luna was ineligible for a sentence reduction, the district court did not err in declining to consider the section 3553(a) factors. *See Caraballo-Martinez*, 866 F.3d at 1248.

## IV.   CONCLUSION

We **AFFIRM** the denial of Acevedo Luna's motion for a sentence reduction.